PROSKAUER ROSE LLP
Bettina B. Plevan (BP-7460)
Brian J. Gershengorn (BG-7544)
1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JON ADAMS,                                          :
                                                    :    Case No.:  07-CV-7017 (DAB)
                        Plaintiff,                  :
                                                    :
    against                                         :    **ECF Case**
                                                    :
LABATON, SUCHAROW & RUDOFF LLP,                     :
                                                    :
                        Defendant.                  :
                                                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**PRELIMINARY STATEMENT**

On or about August 6, 2007 Plaintiff Jon Adams ("Plaintiff" or "Adams") commenced this action against Labaton Sucharow & Rudoff LLP, now known as Labaton Sucharow LLP ("Defendant" or the "Firm"), where he worked as an associate.  The Complaint asserts a total of seven claims against the Firm, all premised on an alleged oral promise made by an associate that the Firm would pay him ten percent of all business he brought into the Firm.  Plaintiff's claims should be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) on two grounds.  First, the facts alleged are not sufficient as a matter of law to establish the existence of apparent authority.  In order to establish the existence of apparent authority, a principal, such as the Firm must manifest to a third party, such as Plaintiff, its consent to have an act done on its behalf by a person purporting to act for the Firm and Plaintiff must have reasonably relied on that manifestation.  The Complaint fails to allege sufficient facts to establish either element.  Second, the claim fails as a matter of law because the facts alleged fail to satisfy N.Y. GEN. OBLIG. LAW § 5-701(a)(10) since the alleged oral promise was never reduced to writing.

**SUMMARY OF ALLEGED FACTS**

Plaintiff's claims arise out of an alleged oral promise that the Firm pay him ten percent of all fees on all business Plaintiff brought into the Firm. (Complaint [hereinafter "Compl."] ¶ 1.) (A copy of the Complaint is annexed as Exhibit A to the Declaration of Bettina B. Plevan dated October 8, 2007.)  Prior to joining the Firm, Plaintiff worked for the New Mexico Attorney General, Patricia Madrid, as an Assistant Attorney General.  (Compl. ¶¶ 3 & 11.)  In early 2004, Plaintiff considered returning to work in private practice in New York at a firm where he could utilize his connections with New Mexico's political and governmental leaders.  (Compl. ¶ 12.)  In March 2004, Plaintiff interviewed with various lawyers at the Firm, including, Chris Keller

("Keller"), an associate and Tom Dubbs ("Dubbs"), a partner. (Compl. ¶ 15-16.) Plaintiff alleges that during his interview, Keller told him "[y]ou get ten percent of the business you bring in." (Compl. ¶ 15.) Shortly after his interview, Plaintiff was told by the Firm not to accept any other offers since an offer would be "coming soon" from the Firm. (Compl. ¶ 17.) Plaintiff was hired as an associate by the Firm in or about July 2004 and began working at the Firm on or about July 26, 2004. (Compl. ¶¶ 2 & 19.) Plaintiff alleges that he accepted the associate position at the Firm based upon Keller's promise that Plaintiff would receive ten percent of the business he brought into the Firm. (Compl. ¶ 18.)

## THE COMPLAINT FAILS TO ALLEGE A VIABLE CAUSE OF ACTION UNDER NEW YORK LAW

In reviewing a Rule 12(b)(6) motion, the court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 699-700 (2d Cir. 1994). However, a motion to dismiss should be granted if Plaintiff fails to provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *Dorcely v. Wyandanch Union Free Sch. Dist.*, No. 06-CV-1265 (DRH) (AKT), 2007 U.S. Dist. LEXIS 71068, at *8 (E.D.N.Y. Sept. 25, 2007).

Plaintiff alleges, *inter alia*, that the Firm refused to pay him ten percent of the business he allegedly brought into the Firm, as Keller promised in or about March 2004. (Compl. ¶¶ 1 & 5.) Plaintiff's claims are dismissible on two grounds. First, Plaintiff has failed to allege a sufficient factual basis to establish Keller's apparent authority to make and bind the Firm to such a

promise. Second, Plaintiff's claims are barred by the Statute of Frauds under N.Y. GEN. OBLIG. LAW §5-701(a)(10).

### A. Plaintiff Cannot Establish That Keller Had Apparent Authority To Bind The Firm

Plaintiff cannot pursue a breach of contract claim against the Firm based on Keller's alleged oral representation because he has not alleged that Keller had actual or apparent authority to bind the Firm. *See Ferrostaal, Inc. v. M/V Sea Baisen*, No. 02 Civ. 1900 (RJH) (DCF), 2004 U.S. Dist. LEXIS 24083, *11 (S.D.N.Y. Nov. 24, 2004). Since Keller was an associate at the Firm, Plaintiff understandably does not allege that he had actual authority to bind the Firm. The facts alleged in Plaintiff's detailed Complaint are insufficient to establish apparent authority.

Apparent authority is "the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestation to such third persons." RESTATEMENT (SECOND) OF AGENCY § 8. It is well settled in the Second Circuit that apparent authority is created only by the representations of the principal to the third party and that an agent cannot create apparent authority by his or her own actions or representations. *See Trustees of UIU Health & Welfare Fund v. New York Flame Proofing Co.*, 828 F.2d 79, 84 (2d Cir. 1987); *Karavos Compania Naviera S.A. v. Atlantica Export Corp.*, 588 F.2d 1, 10 (2d Cir. 1978).

Also, "key to the creation of apparent authority is that the third person, accepting the appearance of authority as true, has relied upon it." *Anglo-Iberia Underwriting Mgmt. Co. v. PT Jamsostek*, No. 97 Civ. 5116 (HB), 1999 U.S. Dist. LEXIS 1563, at *9 (S.D.N.Y. Feb. 10, 1999), *citing Green v. Hellman*, 51 N.Y.2d 197 (1980), *aff'd in part, vacated in part on other grounds*, No. 03-9260-cv, 2007 U.S. App. LEXIS 12311 (2d Cir. May 25, 2007).

In *Ferrostaal,* 2004 U.S. Dist. LEXIS 24083 at *11, the court stated that "in order to state a claim sufficient as a matter of law to establish actual or apparent authority, plaintiff must allege some action on the part of [the principal] from which [the agent's] agency may be inferred." *See also Cooperative Agricloe Groupement Bovins L'Ouest v. Banesto Banking Corp.*, No. 86-cv-8921 (PKL), 1989 U.S. Dist. LEXIS 8368, at *45-49 (S.D.N.Y. July 19, 1989), *aff'd*, 904 F.2d 35 (2d Cir. 1990) (apparent authority depends upon a factual showing that a third party relied upon the misrepresentation of an agent because of some misleading conduct on the part of the principal, not the agent.)

Plaintiff makes no allegations in his Complaint that the Firm designated Keller to negotiate Plaintiff's terms and conditions of employment. In addition, Plaintiff does not allege one fact or proffer one event that demonstrates that the Firm represented Keller as its agent. Rather, all Plaintiff states in his Complaint is that Keller, an associate at the Firm, told him that he would receive ten percent of the business he brought into the Firm and that he accepted the associate position based upon this promise. (Compl. ¶¶ 15 & 18.)

Nor does Plaintiff allege one fact that could demonstrate that he relied on the alleged acts or omissions of the Firm in concluding that Keller had the apparent authority to establish his terms and conditions of employment. To be sustained, a claim based on apparent authority requires alleged facts sufficient to establish reasonable reliance. *Cooperative Agricole Groupement*, 1989 U.S. Dist. LEXIS 8368 at *43; *Chelsea Nat'l. Bank v. Lincoln Plaza Towers Assocs.,* 93 A.D.2d 216, 219, 461 N.Y.S.2d 328, 331 (1st Dep't 1983), *aff'd*, 61 N.Y.2d 817, 473 N.Y.S.2d 953 (1984); *Ford v. Unity Hosp.*, 32 N.Y.2d 464, 472, 346 N.Y.S.2d 238, 244 (1973). Plaintiff, who had been an Assistant Attorney General in New Mexico for four years, should have known or at the very least should have questioned whether an associate such as Keller

could have made such a representation on behalf of the Firm.  In addition, Plaintiff alleges that he interviewed with Dubbs; however, Plaintiff fails to allege that he discussed his terms and conditions of employment with Dubbs.  Moreover, while Plaintiff alleges that he was waiting to receive an offer from the Firm and that he accepted his offer based upon Keller's alleged promise that he would receive ten percent of the business he brought into the Firm, Plaintiff fails to state who offered him the associate position and what if anything this individual stated about his terms and conditions of employment.  (Compl. ¶¶ 17 & 18.)

Nowhere in Plaintiff's Complaint does he allege that the Firm made any representations that Keller had the authority to negotiate his terms and conditions of employment or that he questioned Keller's authority or his alleged oral representation.  As a result, Plaintiff's allegations do not allege facts sufficient to establish that the apparent authority doctrine is applicable.  *See Anglo-Iberia Underwriting*, 1999 U.S. Dist. LEXIS 1563 at *9 (granting defendant's motion to dismiss since the apparent authority doctrine was not applicable when a third-party misrepresents his authority which plaintiff fails to confirm.)  *See also Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1462 (2d Cir. 1995) (affirming grant of summary judgment where plaintiffs offered no evidence that the principal authorized or gave the appearance of having authorized the third-party statements.)  Thus, Plaintiff's breach of contract claim should be dismissed.

Similarly, Plaintiff's fraud[1], promissory estoppel[2] and negligent misrepresentation[3] claims should also be dismissed since, once again, Plaintiff has not set forth any facts

---

[1] In order to establish a fraud claim, Plaintiff must demonstrate that the Firm made a material false representation of fact; that the Firm knew the representation to be untrue or made it with reckless disregard of its truth or falsity; that the Firm made the representation with the intent to deceive the Plaintiff and to induce the Plaintiff to part with or refrain from obtaining something of value; that the Plaintiff reasonably relied on the representation and that the representation resulted in damages to the Plaintiff.  *See Katara v. D.E. Jones Commodities, Inc.*, 835 F.2d 966, 970-71 (2d Cir. 1987).

establishing the essential element of reasonable reliance regarding Keller's alleged oral promise. Moreover, in regards to Plaintiff's fraud cause of action, Plaintiff has failed to plead with sufficient particularity any facts to support an inference that the Firm possessed the requisite fraudulent intent. *See Cosmas v. Hassett*, 866 F.2d 8, 12-13 (2d Cir. 1989).

Finally, Plaintiff's conversion claim[4] should also be dismissed since an action for conversion cannot be maintained "where damages are merely being sought for breach of contract." *Moses v. Martin*, 360 F. Supp. 2d 533, 541 (S.D.N.Y. 2004), *citing Peters Griffin Woodward, Inc. v. WCSC, Inc.*, 88 A.D.2d 883, 884, 452 N.Y.S.2d 599, 600 (1st Dep't. 1982).

Thus, the Court should dismiss the entire Complaint with prejudice.

---

[2] In order to establish a promissory estoppel claim, Plaintiff must demonstrate, "[1] a promise clear and unambiguous in its terms; [2] reliance by the party to whom the promise is made, such reliance to be both reasonable and foreseeable; [3] the party asserting the estoppel must be injured by his reliance." *Triology Variety Stores, Ltd. v. City Prods. Corp.*, 523 F. Supp. 691, 696-97 (S.D.N.Y. 1981).

[3] In order to establish a negligent misrepresentation claim, Plaintiff must demonstrate, "(1) carelessness in imparting words; (2) upon which others were expected to rely; (3) upon which they did justifiably rely; (4) to their detriment; and (5) the author must express the words directly, with knowledge they will be acted upon, to one whom the author is bound by some relation or duty of care." *DVCi Techs., Inc. v. Timessquaremedia.com, Inc., No. 00 Civ. 0207 (VM) (RLE)*, 2000 U.S. Dist. LEXIS 17324, *13 (S.D.N.Y. Nov. 29, 2000).

[4] In order to establish a conversion claim, Plaintiff must demonstrate, "(1) the property subject to conversion is a specific identifiable thing; (2) plaintiff had ownership, possession or control over the property before its conversion; and (3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *AD Rendon Commc'ns, Inc. v. Lumina Ams, Inc.*, No. 04-CV-08832 (KMK), 2006 U.S. Dist. LEXIS 37600, at *6 (S.D.N.Y. June 7, 2006), *citing Moses*, 360 F. Supp 2d at 541.

**B.     Plaintiff's Claims Are Barred By The Statute Of Frauds**

Plaintiff's breach of contract claim is also barred by the Statue of Frauds because a contract to pay a "finder's fee" must be in writing.  Under N.Y. GEN. OBLIG. LAW § 5-701(a)(10) the following must be in writing:

> [any] contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest.  "Negotiating" includes procuring an introduction to a party to the transaction or assisting in the Negotiation or consummation of the transaction.  This provision shall apply to a contract implied in fact or in law to pay reasonable compensation but shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman.

Plaintiff cannot and does not allege any writing that would satisfy the requirements of this statute.  Rather, Plaintiff merely alleges that Keller made an oral promise to him, stating that he would receive ten percent of the business that he brought into the Firm.  (Compl. ¶ 15.)

It is well-settled in New York that, under this statute, a party may not state a finder's fee claim based upon an oral agreement.  *See Millennium Capital Mkts. LLC v. U.S. Nat'l Leasing Corp.*, No. 97 Civ. 8397 (RPP), 1999 U.S. Dist. LEXIS 7221, at *11 (S.D.N.Y. May 13, 1999), *citing Kubin v. Miller*, 801 F. Supp. 1101, 1121 (S.D.N.Y. 1992); *see also Fort Howard Paper Co. v. William D. Witter, Inc.*, 787 F.2d 784, 789 n.2 (2d Cir. 1986) ("There is no doubt that [NY GEN. OBLIG. LAW] § 5-701(a)(10) bars oral finder's-fee contracts.")

Plaintiff's claims based upon unjust enrichment, fraud and quantum meruit are precluded as well.  In *Zeising v. Kelly*, 152 F. Supp. 2d 335, 345 (S.D.N.Y. 2001), the court stated that where a contract claim is barred by the Statute of Frauds, Plaintiff cannot simply restate an unjust enrichment, fraud and quantum meruit claim in an attempt to obtain damages.  *See also, Abrams v. Unity Mut. Life Ins. Co.*, 237 F.3d 862, 864-865 (7th Cir. 2001); *Huntington Dental &*

*Med. Co. v. 3M*, No. 96 civ. 10959 (JFK), 1998 U.S. Dist. LEXIS 1526, at *19 (S.D.N.Y. Feb. 11, 1998).

In addition, even if the Plaintiff could establish a claim for promissory estoppel, the New York courts have restricted this claim so as not to undermine the statute of frauds, "to the limited class of cases in which 'the circumstances are such as to render it unconscionable' to refuse to enforce the promise upon which the promisee has relied." *Tri-Country Motors, Inc. v. American Suzuki Motor Corp.*, 494 F. Supp. 2d 161, 173 (E.D.N.Y. 2007) *citing Sterling Interiors Group, Inc. v. Haworth, Inc.*, No. 94 Civ. 9216 (CSH), 1996 WL 426379, at *21 (July 30, 1996) *citing Philo Smith & Co., Inc. v. USLIFE Corp.*, 554 F.2d 34, 36 (2d Cir. 1977).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be granted and Plaintiff's Complaint should be dismissed with prejudice.


Dated: October 9, 2007
       New York, New York

                                        PROSKAUER ROSE LLP


                                        By:  /s/ Bettina B. Plevan
                                             Bettina B. Plevan (BP-7460)
                                             Brian J. Gershengorn (BG-7544)
                                             1585 Broadway
                                             New York, New York 10036
                                             (212) 969-3000
                                             Attorneys for Defendant