John Balestriere (JB- 3247)
Craig Stuart Lanza (CL-2452)
**BALESTRIERE PLLC**
225 Broadway, Suite 2700
New York, NY 10007
Telephone: 212-374-5404
Email: clanza@balestriere.net
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
JON ADAMS                                     :
                                              :       1:07-CV-07017 (DAB)
            **Plaintiff,**                    :
                                              :
                                              :       ECF
      -against-                               :
                                              :
                                              :
LABATON, SUCHAROW & RUDOFF, LLP :
                                              :
            **Defendant,**                    :
----------------------------------------------------------------- x

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS THE COMPLAINT**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

I.  PLAINTIFF'S CLAIMS MUST NOT BE DISMISSED…………………………………….2

    A.    The Statue of Frauds does not apply………………………………….........2

    B.    Apparent authority is a question of fact…………………………….………..4

    C.    Plaintiff's Fraud Claim Should Not Be Dismissed…………………………....8

II. PRAYER FOR RIGHT TO AMEND IN THE ALTERNATIVE ............................................9

CONCLUSION ............................................................................................................................10

## TABLE OF AUTHORITIES

PAGE

### CASES

*Anglo-Iberia Underwriting Mgmt. Co. v. PT Jamosostek*, No. 97 Civ. 5116 (HB), 1999 U.S. Dist. LEXIS 1563, at *6 (S.D.N.Y. Feb. 10, 1999)……………………………………….. …...5

*Anthony v. Yahoo! Inc.*, 421 F.Supp.2d 1257, 1264 (N.D.Ca. 2006)………………………….7

*Bower v. Weisman,* 639 F.Supp. 532, 539 (S.D.N.Y. 1986)……………………………………..2

*Chelsea Nat'l. Bank v. Lincoln Plaza Towers Assocs.*, 93 A.D. 2d 216, 219 (1st Dep't 1983)….5

*Cooperative Agricole Groupement Bvins L'Ouest v. Banesto Banking Corp.*, No. 86-cv-8921 (PKL), 1989 U.S. Dist. Lexis 8368, *3 (S.D.N.Y. July 19, 1989)……………………………..5

*Ferrostaal, Inc. v. M/V Sea Baisen,* No. 02 Civ. 1900 (RJH)(DCF), 2004 U.S. Dist. LEXIS 24083, *11 (S.D.N.Y. Nov. 2, 2004)……………………………………………………………..5

*Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1462 (2d Cir. 1999)……………………………….……5

*Ford v. Univ. Hosp.*, 32 N.Y.2d 464, 467 (1st Dep't 1973)……………………………………5

*Herbert Constr. Co. v. Continental Ins. Co.,* 931 F.2d 989, 994 (2d Cir. 1991)……………....3

*Karavos Compania Naviera S.A. v. Atlantica Export Corp.*, 588 F.2d 1, 7-8 (2d Cir. 1978) …..5

*Lehman v. Dow Jones & Co.*, 783 F.2d 285 (2d. Cir. 1986)……………………………………..2

*Minskoff v. American Express Travel Related Servs. Co.*, 98 F.3d 703, 708 (2d Cir. 1996)……5

*Rever v. Kayser-Roth Corp.*, 29 A.D.2d 920 (App. Div. 1970)……………………………….2

*Trustees of UIU Health & Welfare Fund v. N.Y. Flame Proofing Co.,* 828 F.2d 79, 84 (2d Cir. 1987)……………………………………………………………………………………………5

### STATUTES

Fed R. Civ. P. 15…........................................................................................................................ 9

Fed R. Civ. P. 9(b)......................................................................................................................... 8

Fed R. Civ. P. 8(a)(2)………………………………………………………………………….8

NY Gen. Oblig. Law s 5-701(a)(10)…………………………………………………………….2

Plaintiff Jon Adams ("Plaintiff" or "Adams"), by his attorneys, Balestriere PLLC, respectfully submits this Memorandum of Law in opposition to Defendant Labaton, Sucharow & Rudoff LLP's (the "Firm" or "Defendant") motion to dismiss the Complaint dated October 9, 2007, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Defendant's motion to dismiss the Complaint rests on two equally flawed arguments: (1) Plaintiff's claims are barred under the statute of frauds and (2) Chris Keller ("Keller"), a current partner at the Firm, somehow lacked the apparent authority to enter into a contract with Plaintiff.

Both of Defendant's arguments must fail. The statue of frauds does not apply to the contract at issue because Plaintiff's actions fall clearly within one of the enumerated exceptions to the statute of frauds and Keller's authority—which was properly pled and was only one of Defendant's many manifestations of intent to enter into a contract—is a question of fact to be determined by a judge or jury.

## STATEMENT OF FACTS

For a complete rendition of the facts alleged, Plaintiff respectfully refers the Court to his Complaint dated October 9, 2007.

# ARGUMENT

## I. PLAINTIFF'S CLAIMS MUST NOT BE DISMISSED

Defendant has an extremely high standard to meet, as "courts are wary of dismissal in view of the policy of the federal rules which seeks to have determinations reached on the merits." *Bower v. Weisman,* 639 F.Supp. 532, 539 (S.D.N.Y. 1986) (". . . a motion to dismiss is viewed with disfavor in the federal courts . . . ."). Therefore, at this early stage of the proceedings, "allegations are accepted as true, and the complaint is construed in a light most favorable to the pleader." *Bower*, 639 F.Supp at 539.

### A. The Statue of Frauds does not apply

Defendant incorrectly asserts that Plaintiff's claim is barred by New York's statue of frauds but, as is shown below, the statue of frauds does not apply because the statute itself *specifically exempts* attorneys, like Adams.

Defendant strangely directs this Court to the N.Y. Statute of Frauds, NY Gen. Oblig. Law s 5-701(a)(10), *including the attorney exemption*, to support its argument that Adams's claim is barred under the statute of frauds. The statute provides:

> Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest. "Negotiating"

>includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. **This provision** shall apply to a contract implied in fact or in law to pay reasonable compensation but **shall not apply to a contract to pay compensation to** an auctioneer**, an attorney at law**, or a duly licensed real estate broker or real estate salesman.

NY Gen. Oblig. Law s 5-701(a)(10) (emphasis added). *See also*, Defendant's Motion to Dismiss ("Def. Mot. Dis.") 7).

The statute plainly states that contracts involving the procuring of an introduction for a business opportunity by an attorney are exempt. *Id. See also, Lehman v. Dow Jones & Co.*, 783 F.2d 285 (2d. Cir. 1986) (vacating summary judgment and holding that NY Gen. Oblig. Law s 5-701(a)(10) excepted out-of-state as well as New York licensed attorneys from statute of frauds requirement that "finder's fee" contracts be in writing); *Rever v. Kayser-Roth Corp.*, 29 A.D.2d 920, 290 N.Y.S.2d 154, *aff'd,* 26 N.Y.2d 652, 308 N.Y.S.2d 384, 256 N.E.2d 540 (1970) (applying attorney exemption and declining to narrow it to cases where there was an attorney-client relationship). Therefore, it is indisputable that the statute of frauds has no applicability to a contract to pay compensation to an attorney at law for negotiating a business opportunity and that the contract at issue in this case is a contract to pay compensation to Adams, an attorney at law, for negotiating a business opportunity -- namely procuring a business introduction, which resulted in Defendant earning millions in legal fees.

Plaintiff clearly alleges that Defendant agreed to provide Plaintiff with "10% of fees on all *business* that Plaintiff brought to the firm." (Plaintiff's Complaint dated October 9, 2007 ("Compl.") ¶1). Plaintiff further alleges that "Defendant acquired several cases from New Mexico and elsewhere by way of *introductions* made through

Plaintiff." (Compl. ¶5). Finally, Plaintiff repeatedly alleged that Plaintiff is an attorney in New York and that Adams is also "licensed to practice in New Mexico." (Compl. ¶¶ 1,2,3,11,12,16,20).

There is therefore, no doubt that the allegations fall squarely within the above-mentioned exception and, accordingly, the Defendant's motion should be denied.

### B. Apparent authority is a question of fact

Defendant then argues that Plaintiff's Complaint must be dismissed because Keller, a former associate/present partner of the Firm, supposedly did not have the apparent authority to contract on Defendant's behalf. Defendant's contention that Keller lacked apparent authority to bind Defendant is a question of fact that cannot be resolved at this stage in the proceeding.

It is black letter law that the existence of apparent authority is a question of fact. *See Herbert Constr. Co. v. Continental Ins. Co.*, 931 F.2d 989, 994 (2d Cir. 1991) (vacating summary judgment because apparent authority was question of fact). *See also, Minskoff v. American Express Travel Related Servs. Co.,* 98 F.3d 703, 708 (2d Cir. 1996) ("The existence of apparent authority is normally a question of fact, and therefore inappropriate for resolution on a motion for *summary judgment.*") (emphasis added). Indeed, Defendant fails to cite a single case in support of its extreme position that the question of whether a high-level employee has the apparent authority to bind its employer can be resolved as a matter of law. Thus, in each and every one of Defendant's cases, a factual determination has been made on the status of a party's

apparent authority.  See e.g., *Ferrostaal, Inc. v. M/V Sea Baisen,* No. 02 Civ. 1900 (RJH)(DCF), 2004 U.S. Dist. LEXIS 24083, *11 (S.D.N.Y. Nov. 2, 2004) (apparent authority granted after summary judgment); *Trustees of UIU Health & Welfare Fund v. New York Flame Proofing Co.,* 828 F.2d 79, 84 (2d Cir. 1987) (district court made "factual finding" after a bench trial regarding apparent authority); *Karavos Compania Naviera S.A. v. Atlantica Export Corp.,* 588 F.2d 1, 7-8 (2$^d$ Cir. 1978) (district court had made factual findings to which the appellate court was making a legal determination); *Anglo-Iberia Unverwriting Mgmt. Co. v. PT Jamosostek,* No. 97 Civ. 5116 (HB), 1999 U.S. Dist. LEXIS 1563, at *6 (S.D.N.Y. Feb. 10, 1999), *aff'd in part, vacated in part on other grounds,* No. 03-9260-cv, 2007 U.S. App. LEXIS 12311 (2d Cir. May 25, 2007) (court conducted an evidentiary hearing before granting a motion to dismiss on issue of jurisdiction); *Cooperative Agricole Groupement Bvins L'Ouest v. Banesto Banking Corp.,* No. 86-cv-8921 (PKL), 1989 U.S. Dist. Lexis 8368, *3 (S.D.N.Y. July 19, 1989), *aff'd,* 904 F.2d 35 (2d Cir. 1990) (summary judgment granted), *Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1462 (2d Cir. 1995) (court affirmed summary judgment), *Chelsea Nat'l. Bank v. Lincoln Plaza Towers Assocs.,* 93 A.D. 2d 216, 219 (1st Dep't 1983) (court made factual findings at trial); *Ford v. Univ. Hosp.,* 32 N.Y.2d, 464, 467 (1st Dep't 1973) (court determined that there was no jurisdiction based on evidence in factual record).

Moreover, although the facts will show that Keller had actual authority, it is beyond cavil that Keller also had the apparent authority to bind Defendant.  To recover on the theory of apparent authority one "must establish two facts: (1) the principal was responsible for the appearance of authority in the agent to conduct the transaction in

question and (2) the third party reasonably relied on the representations of the agent." *See Herbert Constr. Co. v. Continental Ins. Co.*, 931 F.2d 989, 994 (2d Cir. 1991)(citations omitted).

Plaintiff alleges that Keller was a "senior associate" in 2004 and is "now a partner." (Compl. ¶ 15). Plaintiff further alleges that Keller conducted an interview on behalf of the Firm. (Compl. ¶ 15). Plaintiff states that Keller concluded that "we've got to hire this guy." (Compl. ¶16). And, that after Keller conducted the interview, Keller spoke with a member of the Firm, Tom Dubbs, and that soon after this discussion, Defendant told Plaintiff not to accept an offer anywhere else. (Compl. ¶¶16, 17). Plaintiff also alleges that Keller told Plaintiff firm policy, which was consistent with industry standard. (Compl. ¶ 15).

Clearly, by having Keller conduct the interview Defendant was responsible for Keller's appearance of authority. Are the Defendants to have us believe that a senior associate conducting an interview on behalf of his law firm—where he soon afterwards became partner---was not authorized to disclose firm policy? It is also reasonable for Plaintiff to rely on such representations. It is obvious from Keller's statements, Keller's interactions with Tom Dubbs and the Defendant's reaction to Plaintiff's New Mexico connections that Keller was acting on behalf of Defendant.

Defendant posits that Keller conducted an interview, disclosed firm policy, told members of the Firm about Plaintiff's political connections, and encouraged the Firm to hire Plaintiff, all without appearing to Plaintiff as if he had any authority to do so.

Defendant's would further have us conclude that, by hiring Plaintiff and using the connections which Defendant knew of through Tom Dubbs and Keller, that Defendant did not ratify Keller's offer.

Moreover, the issue of Keller's authority is irrelevant since Plaintiff has properly alleged a breach of contract irrespective of the allegations involving Keller.  To satisfy the notice pleading requirements, a complaint need include only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Such a statement must "'give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests [. . .] but it need not plead evidence." *Util. Metal Research, Inc. v. Generac Power Sys.,* 179 Fed. Appx. 795, 797 *citing Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002).

Plaintiff clearly lays out *Defendant's* interest in exploiting Plaintiff's political connections for its own pecuniary benefit.  (Compl.  ¶2) Plaintiff further states that, in exchange, "*Defendant* promised Plaintiff 10% of all fees from business that came to the Firm through Plaintiff, consistent with industry practice." (Compl.  ¶4) (emphasis added).  Plaintiff also alleges that *Defendant* acquired several cases from New Mexico and elsewhere as a direct result of Plaintiff's efforts but, "reneged on its promise" to pay Plaintiff 10% of the fees from the business that came to the Firm through Plaintiff's efforts. (Compl. ¶ 5).  These statements are more than sufficient to put the Defendant on notice of its breach of contract.

Although Plaintiff has alleged additional facts involving Keller, Plaintiff has, by no means, catalogued the litany of evidence supporting Plaintiff's claim, nor is Plaintiff required to. As indicated in point II below, Keller's representations are not the only evidence of Defendant's promise to pay Plaintiff 10% of fees on cases that Plaintiff brought in. Plaintiff is not required to plead every fact and detail all evidence.

Defendant's position that Keller lacked the apparent authority to bind Defendant is an absurdity and, accordingly, Defendant's motion should be denied.

### C.  Plaintiff's Fraud Claim Should Not Be Dismissed

Defendant incorrectly argues that Plaintiff's fraud claim should be dismissed because Plaintiff has not properly alleged reliance. Defendant is mistaken. Plaintiff clearly has pled reliance. Moreover, "Rule 9(b) applies to the specifics of alleged misrepresentations, but the notice pleading requirements of Rule 8 apply to other aspect is of plaintiff's complaint, such as [. . . ] reliance." *Anthony v. Yahoo! Inc.*, 421 F.Supp.2d 1257, 1264 (N.D.Ca. 2006) *quoting Indiana Bell Telephone Co. v. Ward,* 2002 U.S. Dist. LEXIS 26013 (S.D. Ind. 2002). Thus, with regards to reliance Plaintiff is only required to aver a "short and plain statement." Fed. R. Civ. P. 8(a)(2). Plaintiff has clearly alleged "Plaintiff accepted the position based on Chris Keller's promise that Plaintiff would receive 10 percent of business brought to the Firm. " (Compl. ¶18). Thus, Plaintiff has correctly alleged reliance and Defendant's motion should be denied.

## II. PRAYER FOR RIGHT TO AMEND IN THE ALTERNATIVE

After a response to a complaint has been made, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. Rule 15(a). "However, Rule 15(a) specifies that "leave shall be freely given when justice so requires," and the Supreme Court has emphasized that amendment should normally be permitted." *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 29 (2d. Cir 1995). Thus, if the Court disagrees with Plaintiff's arguments and believes that the Complaint should be dismissed, Plaintiff respectfully request the right to amend the Complaint so that it pleads Plaintiff's causes of action in a manner found proper by this Court.

If given the opportunity to amend, Plaintiff will add, *inter alia*, the following allegations:

-The Firm had a written policy to pay 10% of all fees brought in by associates and the Firm blocked Plaintiff's access to that policy on their computer system after Plaintiff brought millions of dollars of business to the Firm;

- Keller reiterated the promise to pay Plaintiff after Keller became partner at the Firm;

-Keller had been specifically designated by the Firm to bring in business and negotiate agreements, and Plaintiff knew this when he interviewed with him; and

-Joel Bernstein, a partner of the Firm, reiterated the promise to pay Plaintiff in the early days of Plaintiff's working at the Firm.

## **CONCLUSION**

For the foregoing reasons, the Complaint should not be dismissed, either in whole or in part.

Dated:  New York, New York                                   Respectfully submitted,
        October 23, 2007



                                                             s/ Craig Stuart Lanza
                                                             _____
                                                             John Balestriere (JB- 3247)
                                                             Craig Stuart Lanza (CL-2452)
                                                             **BALESTRIERE PLLC**
                                                             225 Broadway
                                                             Suite 2700
                                                             New York, NY 10007
                                                             Telephone 212-374-5404
                                                             Email:clanza@balestriere.net
                                                             *Attorneys for Plaintiff*