PROSKAUER ROSE LLP
Bettina B. Plevan (BP-7460)
Brian J. Gershengorn (BG-7544)
1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JON ADAMS,                                    :
                                              :        Case No.:  07-CV-7017 (DAB)
                        Plaintiff,            :
                                              :
          against                             :        **ECF Case**
                                              :
LABATON, SUCHAROW & RUDOFF LLP,               :
                                              :
                        Defendant.            :
                                              :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
# MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## PRELIMINARY STATEMENT

In his opposition, Plaintiff Jon Adams ("Plaintiff" or "Adams") in effect concedes that his allegations are not sufficient to state the basis for a claim against Labaton Sucharow LLP ("Defendant" or the "Firm"). There is simply nothing in either Plaintiff's Complaint or even his proposed amendment suggesting that associate Chris Keller had actual or apparent authority in March 2004 to bind the Firm regarding Plaintiff's terms and conditions of employment or articulating the basis for the remainder of his claims.[1]

## ARGUMENT

## PLAINTIFF FAILS TO STATE A VIABLE CAUSE OF ACTION UNDER NEW YORK LAW

As more fully set forth in Defendant's moving papers, Plaintiff has not alleged a viable cause of action under New York Law. Plaintiff cannot pursue a breach of contract claim against the Firm based solely on Keller's alleged oral representation since there are no facts asserted even to suggest that Keller had actual or apparent authority to bind the Firm. First, Plaintiff makes no claim of actual authority.[2] Moreover, it is well-settled that actual authority can exist "only where the agent may reasonably infer from the words or conduct of the principal that the principal has consented to the agent's performance of a particular act." *Minskoff v. Am. Express Travel Related Servs. Co.*, 98 F.3d 703, 708 (2d Cir. 1996). Second, it is also well-settled law that to assert a claim under a theory of apparent authority one must allege two facts, "(1) the

---

[1] Defendant withdraws its contention regarding the statute of frauds as an alternative ground for dismissal of the contract claim.

[2] Plaintiff only states in his Complaint that "Keller a senior associate at the Firm" interviewed him in or about March 2004. (Compl. ¶ 15). This statement in and of itself does not establish Keller's actual authority. In addition, Plaintiff does not allege that Keller stated that he had actual authority to negotiate Plaintiff's terms and conditions of employment. Plaintiff only alleges that Keller promised him "ten percent of the business you bring in." (Compl. ¶ 15).

principal was responsible for the appearance of authority in the agent to conduct the transaction in question and (2) the third party reasonably relied on the representations of the agent." *Herbert Constr. Co. v. Cont'l Ins. Co.*, 931 F.2d 989, 993-994 (2d Cir. 1991) (internal citations omitted). Plaintiff has alleged no facts sufficient to claim either that Keller had authority to bind the Firm to Keller's alleged promise or that Plaintiff reasonably relied upon such alleged promise. (Compl. ¶¶ 1 & 5).

## A.    Adams Has Alleged No Facts Establishing Keller's Apparent Authority

It is of no moment that courts often view issues of apparent authority as factual in nature because Plaintiff has failed to allege *any* facts raising a litigable issue as to Keller's purported apparent authority. Plaintiff's conclusory contention that "it is beyond cavil" that Keller had the apparent authority to bind the Firm is obviously not sufficient. (*See* Pl. Mem. at 8). Plaintiff also ignores the Supreme Court's teaching in *Twombly* requiring the pleading of facts sufficient to establish a right to relief (not just provide notice). (*See* Def. Br. 2). The Court there emphasized that in opposing a 12(b)(6) motion a plaintiff's obligation "requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In order to sustain his claim based on apparent authority, Plaintiff must allege facts which, if true, would demonstrate that the Firm was responsible for Keller having an appearance of authority during the March 2004 interview and that Plaintiff reasonably relied upon Keller's representations during that interview. *See Herbert Constr.,* 931 F.2d at 994. The fact that Keller later became a partner does nothing to establish that Keller had apparent authority in or about March 2004 to bind the Firm when he interviewed the Plaintiff as an associate. Plaintiff's

allegations that Keller stated "we've got to hire this guy" and that the Firm told Plaintiff "not to accept an offer anywhere else" suggests in fact that Keller did not have the authority to hire the Plaintiff or establish Plaintiff's terms and conditions of employment.  (*See* Pl. Mem. at 9).  If Keller did have the authority to hire Plaintiff, he would have simply hired him and there would have been no need for Keller to make the alleged declaratory statement that "[w]e've got to hire this guy" to Tom Dubbs, a partner at the Firm.  The further allegation that Keller described the Firm's policy to Adams is not in any way linked to the issue of Keller's authority.

There is no basis for rejecting the Firm's motion simply because the issue of apparent authority in a breach of contract case is normally a question of fact.  Indeed, courts have granted dispositive motions in this context. *Mann v. Prudential Real Estate Affiliates, Inc.,* No. 90 c 5518, 1990 U.S. Dist. LEXIS 17040, at * 12 (N.D. Ill. Dec. 10, 1990), granting motion to dismiss an apparent authority claim because there were "no allegations of acts or words of Prudential which could create such an impression, and therefore no basis upon which apparent authority may be found." *See also Total Commc'n Servs., Inc. v. Seiscer Techs., Inc.,* No. 88 c 8312, 1990 U.S. Dist. LEXIS 13337 (N.D. Ill. Oct. 5, 1990) (granting motion to dismiss claim based on agency theory because there were no allegations of the existence of either actual or apparent authority). *Accord, Ferrostaal, Inc. v. M/V Sea Baisen*, No. 02 Civ. 1900 (RJH) (DCF), 2004 U.S. Dist. LEXIS 24083, *11 (S.D.N.Y. Nov. 24, 2004) (granting summary judgment because the plaintiff failed to raise a genuine issue of material fact regarding the agent's purported authority); *Royal Indus. Ltd. v. Kraft Foods, Inc.*, No. 94 Civ. 9334 (CSH), 1998 U.S. Dist. LEXIS 1770 (S.D.N.Y. Feb. 18, 1998) (granting summary judgment in favor of defendant since there was no evidence that established reliance by the plaintiff on the principal's statements).  Similarly, Plaintiff's breach of contract claim must fail since Plaintiff relies solely

on the alleged statement of Keller but alleges no facts that could establish that Keller was acting with authority to bind the Firm.

**B.    Adams' Other Claims, Including Fraud, Should Be Dismissed**

The only other claim Plaintiff even tries to sustain is his fraud claim. That claim must be dismissed because no facts have been alleged that could establish reliance, a false representation by the Firm or fraudulent intent. Plaintiff also erroneously suggests that a fraud pleading is governed by FED. R. CIV. P. 8(a)(2); Rule 9(b) sets a higher standard for fraud claims. To satisfy the particularity requirement of Rule 9(b), a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements. *See Goldman v. Belden*, 754 F.2d 1059, 1069-70 (2d Cir. 1985). Plaintiff has failed to provide particularities regarding many elements of his fraud claim. First, although Plaintiff asserts reliance he cites no language in the Complaint that could, if proven, establish that such reliance was reasonable. Moreover, even if Plaintiff's fraud claim was governed by Rule 8, Plaintiff would still fail to meet the standard set forth in *Twombly* as he has not alleged any facts that would have made it reasonable for him to rely upon the purported representations of an associate. 127 S. Ct. at 1965.

Second, the pleading is totally devoid of allegations of intent. Under FED. R. CIV. P. 9(b) a complaint need only aver intent generally, but it must nonetheless allege facts that give rise to a strong inference that the defendant possessed the requisite fraudulent intent. *See Oh v. Imagemark, Inc.,* No. 06 Civ. 10187 (DLC), 2007 U.S. Dist. LEXIS 75448, * 6-7 (S.D.N.Y. Oct. 10, 2007), *citing*, *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273 (2d Cir. 2006). As the Supreme Court recently stated in *Twombly*, "[f]actual allegations must be enough to raise a right to relief

above the speculative level." 127 S. Ct. at 1965. Plaintiff does not allege facts as to who offered

him the associate position at the Firm in July 2004 and what if anything this individual stated

about the terms and conditions of his employment, let alone that that person possessed a

sufficient intent to defraud Plaintiff.

Furthermore, in order for a fraud claim to coexist with a breach of contract claim, the

conduct giving rise to the fraud must contravene a legal duty that is "independent of contractual

relations between the parties." *Channel Master Corp. v. Aluminum Ltd. Sales, Inc.*, 4 N.Y.2d

403, 408, 176 N.Y.S.2d 259, 263 (1958); *see also Brink's, Inc. v. City of New York*, 717 F.2d

700, 704-05 (2d Cir. 1983). To maintain a claim of fraud in such a situation, a plaintiff must

either: "(i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii)

demonstrate a fraudulent misrepresentation collateral or extraneous to the contract…; or (iii)

seek special damages that are caused by the misrepresentation and unrecoverable as contract

damages." *Bridgestone/Firestone v. Recovery Credit Servs.*, 98 F.3d 13, 20 (2d Cir. 1996)

(internal citations omitted); *see also Papa's-June Music v. McLean*, 921 F. Supp. 1154, 1160

(S.D.N.Y. 1996) (granting defendant's motion to dismiss breach of contract claim as well as

fraud claim since the fraud claim was not sufficiently distinct from the breach of contract claim).

Plaintiff has not alleged that any of these circumstances exist here.

For these reasons Plaintiff's Complaint must be dismissed.

## II.

### PLAINTIFF'S REQUEST FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED BECAUSE NO AMENDMENT HAS BEEN PROFFERED AND ANY AMENDMENT IS LIKELY TO BE FUTILE

Although Rule 15 provides that leave "shall be freely given when justice so requires,"

leave to amend may be denied for good reasons, including futility of the amendments. *See*

*Foman v. Davis*, 371 U.S. 178, 182 (1962), *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.")  The Second Circuit has held that "where…there is no merit in the proposed amendments, leave to amend should be denied."  *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) (internal citations omitted); *see also In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("where amendments would be futile, denial of leave to amend is proper"); *Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6)"); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (holding that a motion to amend can properly be denied when the proposed claim cannot withstand a motion to dismiss for failure to state a claim).

Plaintiff has failed to proffer a proposed amended complaint as is the norm so that the Court is not in a position to grant leave to amend, especially since it is unclear what other allegations would be proffered.  *See Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y. 1993) ("[i]n order to satisfy the prerequisite of particularity in a motion to amend, a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes sought.") *citing* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §1485 (1998).

Plaintiff's proposed new allegations do nothing, in any event, to further his fraud or contract claim since all but one of the newly alleged facts occurred <u>after</u> Plaintiff joined the Firm and the one remaining allegation – that Plaintiff knew at the interview that Keller had been designated to bring in business and "negotiate agreements"- does not suffice to articulate a fraud

claim because Plaintiff alleges no facts as to how and what he knew specifically about Keller's responsibility to negotiate agreements. *See Acito v. IMCERA Group*, 47 F.3d 47 (2d Cir. 1995) (withheld leave when the proposed amendments would not have cured the deficiencies in the complaint that failed to plead fraud with particularity.)  In addition, as stated above, Plaintiff's proposed new allegations do not "(i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract...; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *Bridgestone/Firestone,* 98 F.3d at 20 (internal citations omitted).  Thus, none of the proposed new allegations could have fraudulently induced Plaintiff to work for the Firm.

Similarly, the proposed new allegations would not be sufficient to show the existence of apparent authority.  The proposed new allegations that "Keller reiterated the promise to pay Plaintiff after Keller became partner at the Firm"; and that "Joel Bernstein, a partner of the Firm, reiterated the promise to pay Plaintiff in the early days of Plaintiff's working at the Firm" do nothing to bolster Plaintiff's apparent authority argument because, by Plaintiff's own admission, both of these conversations took place after the oral conversation that allegedly formed a contract. (*See* Pl. Mem. at 12).  Plaintiff also fails to state with any specificity how he knew that Keller was "specifically designated by the Firm to bring in business and negotiate agreements" or what kinds of agreements he was to negotiate, nor does he propose to allege any facts providing a basis for those conclusory claims. (*See* Pl. Mem. at 12).  Finally, an allegation that he knew that Keller was designated to negotiate agreements cannot establish apparent authority because he does not allege that the Firm's words or conduct caused him to have that belief.

Finally, the proposed new allegation that "[t]he Firm had a written policy to pay 10% of all fees brought in by associates" does not further Plaintiff's argument because he does not allege any knowledge of a written policy when he accepted the position. (*See* Pl. Mem. at 12). Equally irrelevant, except as an admission in Defendant's favor, is the allegation that the Firm later precluded Plaintiff's access to the policy. (Even if true, which it is not, the allegation does not speak to Plaintiff's knowledge of the policy he purportedly seeks to enforce.)

**CONCLUSION**

For the reasons set forth above and in the Defendant's moving brief, the Court should dismiss the Complaint in its entirety.

Dated: October 30, 2007
     New York, New York

PROSKAUER ROSE LLP

By: /s/ Bettina B. Plevan
    Bettina B. Plevan (BP-7460)
    Brian J. Gershengorn (BG-7544)
    1585 Broadway
    New York, New York 10036
    (212) 969-3000
    Attorneys for Defendant